**Glenda H. PERRY, d/b/a A. Bonding Company, Appellee,**

v.

**Gladys CAIN, Appellant.**

**No. 50900.**

Supreme Court of Oklahoma.

July 18, 1978.

Rex D. Brooks, Oklahoma City, for appellant.

Forest N. Simon, Oklahoma City, for appellee.

IRWIN, Justice.

Gladys Cain (appellant) appeals from judgment in favor of Glenda H. Perry (bondsman) on a promissory note and indemnity agreement taken by bondsman as additional security in conjunction with the writing of an appearance bond. The facts are not in dispute and the only issue presented is the sufficiency of bondsman's affidavit attached to the appearance bond as required by 59 O.S.1971, § 1322.

R. D. Dunning (defendant) was arrested on a driving charge and bond was set at $500.00. Arrangements were made for bondsman to enter into the appearance bond undertaking. As a precondition to assuming such responsibility, bondsman required additional security from defendant. Defendant's parents, Mr. and Mrs. Dunning, were contacted by telephone and agreed to act as indemnitors on the bond. Due to illness of one of the defendant's parents, they could not go to bondsman's office to sign the promissory note and indemnity agreement bondsman had prepared. Appellant, a sister of defendant, went in their stead and signed the promissory note and indemnity agreement. Bondsman executed a standard bond form into which was incorporated an "affidavit as to undertaking" required by 59 O.S.1971, § 1322, which stated the indemnitors on the bond were Mr. and Mrs. Dunning. Appellant was not mentioned in the affidavit. Defendant was released and failed to appear at the scheduled hearing and the bond was forfeited.

Bondsman commenced this suit on the promissory note and indemnity agreement which appellant had signed. Trial was to the court on stipulated facts. The only issue raised as a defense to the obligation on behalf of appellant was that the "affidavit as to undertaking" did not substantially comply with the requirements of § 1322, supra. The trial court ruled the "affidavit as to undertaking" was sufficient to satisfy the requirements of the statute and entered judgment for bondsman. Appellant appealed.

During the pendency of the appeal, bondsman moved to dismiss on grounds appellant did not raise the issue of some defect in the affidavit before the trial court, and did not recite in the petition in error that the sufficiency of the affidavit was the issue on appeal. Ruling on the motion to dismiss was deferred for consideration on the merits of the appeal. Bondsman's motion to dismiss is without merit. The only issue in the trial court was the sufficiency of the affidavit as to undertaking and the appellant's petition in error fairly raises that issue on appeal.

■ Section 1322, supra, states in pertinent part:

"Every 'bondsman' *shall file with the undertaking an affidavit stating whether or not he* or anyone for his use *has been promised* or has received *any security or consideration for his undertaking,* and if so, the nature and description of security and amount thereof, *and the name of the person by whom such promise was made or from whom such security or consideration was received.* * * * *An action to enforce any indemnity agreement shall not lie in favor of the surety against such indemnitor, except with respect to agreements set forth in such affidavit.* * * "

Under the above statute, the bond undertaking, in as much as it relates to the circumstances presented in the case at bar, must state "the name of the person by whom such promise was made". The statute requires the statement to appear on the face of the "affidavit as to undertaking" for it to be minimally sufficient. The affidavit in the case at bar fails to meet this specific minimal standard. The affidavit states on its face that the indemnitors are Mr. and Mrs. Dunning. Appellant is not mentioned in the affidavit.

Appellants agreement to indemnify was not "set forth in such affidavit". The affidavit states indemnity was undertaken by persons who did not execute the promissory note or indemnity contract. The statute is quite clear in this respect, where the affidavit does not recite the name of the indemnitor, an action to enforce the indemnity agreement shall not lie in favor of the bondsman.

Bondsman maintains her action is merely one for the enforcement of rights secured to her by the terms of the promissory note appellant signed. In response to this argument it is not contended the promissory note is in any respect technically deficient. However, the note here taken was part and parcel of the overall transaction, the agreement to indemnify bondsman. The law of negotiable instruments in this state, 12A O.S.1971, § 3–101 et seq., in particular the provisions of § 3–119(1) provides in pertinent

"As between the obligor [appellant] and his immediate obligee [bondsman] or any transferee the terms of an instrument may be modified or affected by any other written agreement executed as a part of the same transaction . . . ."

■ The foregoing statutory language incorporates into the law of negotiable instruments the ordinary rule that writings contemporaneously executed as a part of the same transaction are to be read together as a single agreement. As between the immediate parties a negotiable instrument is merely a contract or part of an overall contractual transaction. 12A O.S.1971, § 3–119, Comment 3. Any defense to the underlying obligation, in this case the indemnity agreement, is also a defense to the promissory note so long as the instrument remains in the hands of one who is not a holder in due course. 12A O.S.1971, §§ 3–302 & 3–305. Bondsman may not be heard to suggest she is entitled to holder in due course status as she was the original obligee on the instrument and was intimately involved with the transaction from which the defense to the underlying obligation arose. Since the indemnity agreement is legally unenforceable against appellant, neither may the promissory note taken in conjunction therewith be enforced.

JUDGMENT REVERSED.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, SIMMS and DOOLIN, JJ., concur.

HODGES, C. J., and BERRY and BARNES, JJ., dissent.